IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-3131-M

| | |
|---|---|
| JARRED JAVON FORD, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| DR. MODINAT ADELEYE, et al., | ) |
| Defendants. | ) |

This matter is before the court on plaintiff's motions to appoint counsel [D.E. 25], to amend [D.E. 35], and for preliminary injunction [D.E. 38]. Also before the court are defendants' motions for extension of time [D.E. 36, 42] and to have motion deemed timely [D.E. 43].

A.  Motion to Appoint Counsel [D.E. 25]

The court first addresses plaintiff's motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264, 265 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Here, plaintiff has failed to demonstrate that

1

exceptional circumstances justify appointment of counsel. Accordingly, the motion to appoint counsel is denied.

B.   Motion to Amend [D.E. 35]

The court next considers plaintiff's motion to amend. Defendants Adeleye and Iman oppose the motion. Plaintiff "may amend [his] pleadingly only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. "In the absence of any apparent or declared reason – such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). An amendment is futile if it fails to state a claim on which relief can be granted under the Rule 12(b)(6) standard set forth above. See Katyle v. Penn Nat'l Gaming, 637 F.3d 462, 471 (4th Cir. 2011); Fed. R. Civ. P. 12(b)(6).

In the instant amended complaint, plaintiff provides additional factual support for his claims and includes additional defendants. Specifically, plaintiff seeks to add the following defendants employed at Central Prison in Raleigh, North Carolina: (1) Amy Lafluer ("Lafluer"), Associate Warden for Programs; (2) Nakeshia Faust ("Faust"), Associate Warden for Custody and Operations; (3) unidentified supervisor of nurses; (4) unidentified supervisor of therapists; (5) Norman Lewis, a nurse; (6) unidentified nurses; (7) unidentified transportation drivers; (8) unidentified transportation dispatcher; and (9) Mr. Bush ("Bush"). (Am Compl. [D.E. 35-1] at 2–3). Plaintiff also provides additional factual support seeking reinstatement of the following defendants dismissed in the court's November 9, 2023, order: (1) Dr. Wilson ("Wilson"), a nursing

2

supervisor; (2) Mr. McDonald ("McDonald"); and (3) unidentified supervisor of transportation. (Id.). Plaintiff sues defendants in both their individual and official capacities. (Id. at 3). Plaintiff also seeks reinstatement of his claims pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. against defendants McDonald, Busch, and Lefluer, and to add a retaliation claim against defendants Dr. Modinat Adeleye ("Adeleye") and Dr. Hussain Iman ("Iman"). (See id. at 4).

The court first considers plaintiff's official capacity claims. Plaintiff's official capacity claims are barred by the Eleventh Amendment. Eleventh Amendment immunity extends to state officers or agents acting in their official capacities. Gray v. Laws, 51 F.3d 426, 430 (4th Cir. 1995) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)). Accordingly, plaintiff's official capacity must be dismissed.

Plaintiff alleges claims for supervisory liability against defendants Lefluer, Faust, Wilson, unidentified supervisor of therapists, unidentified supervisor or transportation, and unidentified supervisor of nurses. (Am. Compl. [D.E. 35-1] at 17). To establish § 1983 supervisory liability, a plaintiff must show:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices . . ." ; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted).

Here, plaintiff does not plausibly allege these defendants had actual or constructive knowledge of any such "pervasive" conduct or that there was an "affirmative causal link" between

3

their inactions and any alleged constitutional injury. See id. Plaintiff provides no factual support for his conclusory allegations that defendants acted pursuant to official custom or policy and had knowledge of unconstitutional conduct. See Twombly, 550 U.S. at 555. Accordingly, such claims are futile.

The court next addresses plaintiff's claims that defendants Adeleye and Iman discharged him from the medical unit in Central Prison in retaliation for requesting to speak to defendant Wilson, and transportation staff kept him in a holding cell in retaliation for submitting a grievance. (Am. Compl. [D.E. 35-1] at 5–6, 12). To allege a retaliation claim, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right," and must also allege specific facts supporting the claim of retaliation. Adams, 40 F.3d at 74–75. "Naked allegations" of retaliation do not establish a claim of constitutional dimension. Id. at 74. Plaintiff fails to provide any factual support indicating his discharge from the medical unit or detention in a holding cell were retaliatory. His bare assertions fail to meet the requisite standard and are futile.

Regarding plaintiff's claims against Wilson, plaintiff merely alleges he spoke with defendant Adeleye and Iman several times requesting to speak with Wilson, but never actually spoke with Wilson. (Am. Compl. [D.E. 35-1] at 5–6). Plaintiff attributes no actions to defendant Wilson himself. Thus, plaintiff fails to state a claim as to defendant Wilson, and he is not reinstated as a defendant. See Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution.").

4

To the extent plaintiff seeks to bring a due process claim regarding grievance procedure, prisoners do not have a constitutional right or due process interest in grievance procedure. See Adams, 40 F.3d at 75 ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017) ("Adams establishes a clear rule: inmates have no constitutional entitlement or due process interest in access to a grievance procedure. An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process, for example."). Accordingly, plaintiff's claims of constitutional violation related to the handling of his grievances are dismissed.

The court next addresses plaintiff's requests to reinstate his ADA claims against formerly dismissed defendant McDonald and to institute ADA claims against defendants Bush and Lafluer. (Am. Compl. [D.E. 35-1] at 14–17). Without commenting on the merits of his claims, the court finds plaintiff has alleged sufficient facts to state a claim for violation of the ADA. See Halpern v. Wake Forest Univ. Health Scis., 669 F.3d 454, 461-62 (4th Cir. 2012) (citing Baird ex rel. Baird v. Rose, 192 F.3d 462, 467 (4th Cir. 1999)). Thus, his claims against McDonald are reinstated and Bush and Lafluer are added as defendants. To the extent plaintiff seeks to state ADA claims against defendants Adeleye, Iman, Wilson, Molter, and the unidentified physical therapist, he fails to provide any factual support, and thus, fails to state a claim as to these defendants. See Iqbal, 556 U.S. at 676.

At this preliminary stage, plaintiff's remaining claims for deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, addressed in the motion to amend are sufficient to survive a motion to dismiss. See Jackson v. Lightsey, 775 F.3d 170, 178 (4th

5

Cir. 2014) (providing standard for deliberate indifference towards an inmate's serious medical needs).

Accordingly, plaintiff's motion to amend is granted in part and denied in part. Plaintiff is warned that the John Doe defendants will be dismissed from the action without prejudice if plaintiff fails to identify them by the close of discovery. See Schiff v. Kennedy, 691 F.2d 196, 198 (4th Cir. 1982) (dismissing unnamed defendant without prejudice where it did not appear that his identity could be discovered through discovery or the intervention of the court); see also Chidi Njoku v. Unknown Special Unit Staff, 217 F.3d 840 (Table), 2000 WL 903896, at *1 (4th Cir. July 7, 2000) ("[T]he designation of a John Doe defendant is generally not favored in the federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery.").

C. Motion for Preliminary Injunction [D.E. 38]

Plaintiff seeks a preliminary injunction directing prison officials not to interfere with his legal mail. (Mot. Prelim. Inj. [D.E. 38] at 1). To obtain relief a preliminary injunction, plaintiff "must establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of . . . relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). Issuing an injunction "based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that only be awarded upon clear showing that the plaintiff is entitled to such relief." Id. at 22 (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).

6

Here, plaintiff has not demonstrated a likelihood that he will succeed on the merits of his underlying complaint. Nor has he established that an injunction is in the public interest. See Taylor v. Freeman, 34 F.3d 266, 268 (4th Cir. 1994) ("It is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons."). Moreover, plaintiff cannot obtain injunctive relief for issues unrelated to claims alleged in the underlying complaint. See Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997) ("The purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends it was or will be harmed through the illegality alleged in the complaint."). Accordingly, plaintiff's motion is denied.

D. Motions for Extension of Time [D.E. 36, 42] and to Deem Timely [D.E. 43]

Defendants seek an extension of time to answer the complaint and amended complaint. Defendants also seek to have their second motion for extension deemed timely filed. The court finds the untimeliness of the second motion was due to excusable neglect. See Fed. R. Civ. P. 6(b). For good cause shown, the court grants defendants' motions.

## CONCLUSION

Based on the foregoing, plaintiff's motions to appoint counsel [D.E. 25] and for preliminary injunction [D.E. 38] are DENIED. Plaintiff's motion to amend [D.E. 35] is GRANTED IN PART AND DENIED IN PART as provided above. The clerk is DIRECTED to reinstate defendant Mr. McDonald and to add defendants Mr. Bush, Amy Lafluer, Norman Lewis, unidentified nurses, unidentified transportation drivers, and unidentified transportation dispatcher to the docket. The clerk is further DIRECTED to proceed with service of process on defendants

Bush, Lafluer, and Lewis pursuant to Standing Order 14-SO-02 but to STAY service on the John Doe defendants until plaintiff identifies them. If service under this standing order fails, the court DIRECTS the United States Marshals Service to make service pursuant to 28 U.S.C. § 1915(d).

Defendants' motions for extension of time [D.E. 36, 42] and to deem motion timely [D.E. 43] are GRANTED. Defendants A. Molter, Mr. Henderson, and Nurse Moore are DIRECTED to answer or otherwise respond to the complaint and amended complaint no later than **May 7, 2024**.

SO ORDERED, this 11th day of April, 2024.

Richard E Myers II
RICHARD E. MYERS II
Chief United States District Judge