IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:22-CT-3131-FL

JARRED JAVON FORD,              )
                                )
                    Plaintiff,  )
                                )
    v.                          )           ORDER
                                )
DR. MODINAT ADELEYE,            )
                                )
                    Defendants. )

This matter is before the court on plaintiff's motions to compel [D.E. 73, 85] and to amend [D.E. 74]. Defendants responded in opposition to plaintiff's motions to compel.

The court first addresses plaintiff motion to amend. Defendants did not respond. Plaintiff "may amend [his] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. "In the absence of any apparent or declared reason – such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962); see also Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006). An amendment is futile if it fails to state a claim on which relief can be granted under the Rule 12(b)(6) standard set forth above. See Katyle v. Penn Nat'l Gaming, 637 F.3d 462, 471 (4th Cir. 2011); Fed. R. Civ. P. 12(b)(6).

Here, plaintiff seeks to identify defendant unnamed physical therapist as Susan Schneider. (Mot. to Am. [D.E. 74]). Where the court previously such claims survived frivolity review and directed plaintiff to identify defendant prior to the close of discovery, the motion is granted. The clerk is directed to substitute defendant "Physical Therapist" for Susan Schneider.

Next, the court considers plaintiff's motions to compel. Plaintiff seeks production of medical records. Federal Rule of Civil Procedure 37 provides that when a party fails to respond to discovery, the party seeking discovery can move for an order compelling production. Fed. R. Civ. P. 37(a)(3)(B). When addressing a motion to compel discovery, the trial court holds broad discretion. See LaRouche v. Nat'l Broadcasting Co., Inc., 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court."); see also Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion."). A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without a court order." Fed. R. Civ. P. 37(a)(1); see also Local Civil Rule 7.1(c)(2). Pro se incarcerated parties are not exempt from the requirement to confer with the opposing party prior to filing the motion. See Fed. R. Civ. P. 37(a)(1); see also Jones v. Broadwell, No. 5:10-CT-3223-FL, 2013 WL 1909985, at *1 (E.D.N.C. May 8, 2013).

Here, plaintiff has not certified he conferred or attempted to confer with defendants prior to filing the motions to compel. [See D.E. 73, 85]. Further, plaintiff did not attach the specific

2

Case 5:22-ct-03131-M    Document 88    Filed 04/21/25    Page 2 of 3

question, interrogatory, or other discovery request with respect to which the motion was filed as required. Local Civ. R. 7(c)(2). Accordingly, the motions to compel are denied.

## CONCLUSION

Based on the foregoing, plaintiff's motion to amend [D.E. 74] is GRANTED. The clerk is DIRECTED to substitute defendant "Physical Therapist" for "Susan Schneider" on the docket and to proceed in accordance with Standing Order 14-SO-02. Should it become necessary, the United States Marshals Service is DIRECTED to make service on defendant Schneider pursuant to 28 U.S.C. § 1915(d). Plaintiff's motions to compel [D.E. 73, 85] are DENIED.

SO ORDERED, this the 21st day of April, 2025.

RICHARD E. MYERS II
Chief United States District Judge

3